No. 33,420

EMMA G. WILLIAMS, *Appellant,* v. HARDIN GILBERT et al., *Appellees.*

(72 P. 2d 955)

Opinion filed November 6, 1937.

*Samuel Griffin, O. Mills,* both of Medicine Lodge, and *Donald Muir,* of Anthony, for the appellant.

*J. N. Tincher,* of Hutchinson, and *Riley W. MacGregor,* of Medicine Lodge, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action to set aside a conveyance of certain rights to the oil and gas under certain real estate. Judgment was for defendants. Plaintiff Mrs. Williams appeals.

The petition alleged that plaintiff Williams was the widow of one Marion T. Williams and that Samuel Griffin was the administrator of the estate of Williams; that defendant Gilbert was a practicing physician in Medicine Lodge, Kan.; that at the time of his death Williams was seized of certain real estate in Barber county to the

extent of about 560 acres; that plaintiff was his only heir at law; that the estate of Williams was heavily in debt and there was insufficient property belonging to the estate with which to pay the indebtedness. The petition then alleged that Gilbert had been the family physician of Mr. Williams during his lifetime and of Mrs. Williams for more than twenty years, and at the time of the death of Williams he was in debt to defendant Gilbert; that during all this time plaintiff Emma G. Williams had placed a great deal of confidence and trust in defendant Hardin Gilbert and that by reason of this a confidential and fiduciary relation existed between plaintiff Williams and defendant Gilbert; that while Gilbert was the physician of plaintiff and being in a fiduciary relationship to her he told her that he was trying to straighten things up and wondered if she would be willing to give him a one-quarter royalty in one quarter of land for the claim of $729.50 which he held against the estate of Williams; that Gilbert knew at that time that an oil well had been staked on a certain quarter in the vicinity of the Williams land and that this royalty would immediately become very valuable and was worth at least $6,400 at the time he purchased it; that although by reason of his fiduciary relationship with plaintiff he had a duty to disclose these facts, he did not disclose them to Mrs. Williams; that Gilbert never disclosed to plaintiff as to what particular quarter of land she was to convey the royalty, except to say the northwest quarter, and that plaintiff understood this to mean the northwest quarter of her ranch; that Gilbert prepared an instrument by which plaintiff sold to him the entire interest in and to all of the oil, gas and other minerals in and under or that might be produced from a lease on the northwest quarter of section 30, township 31, range 11, together with all the oil royalty and gas rentals or royalty due and to be paid under the terms of any lease thereon and all future rentals and bonuses on this land, and that the instrument had been filed for record. The petition then alleged that plaintiff had been a very sick woman; had been treated in defendant's hospital and had been discharged from the hospital about a week before this conversation took place, and was still partly confined to her bed on the date of the signing of this instrument; that the plaintiff felt very kindly toward said Gilbert, and by reason of this feeling and the trust and special confidence which she had in Gilbert, did not thoroughly examine the instrument before signing it and did not know that it conveyed a full royalty interest, with a right to collect the rentals;

did not know that the instrument covered the northwest quarter of section 30, township 31, range 11; that Gilbert told plaintiff he would see Samuel Griffin, the administrator of the estate, and get his approval of the deal, but that the instrument was never presented to the administrator for his approval; that plaintiff relied absolutely upon the representations of Gilbert by reason of her confidence and trust in him to disclose all material facts, but that Gilbert over-reached and took advantage of this special confidential relationship, to plaintiff's damage. The petition further alleged that no application to sell real estate for the payment of debts of the deceased Williams had ever been filed with the probate court of Barber county; that no order had ever been made allowing the sale of said real estate or any part thereof for the payment of debts, and that Gilbert had no right to receive, and plaintiff had no right to execute, any such instrument; that the instrument was of no force and should be canceled of record. The plaintiff then alleged that the instrument was signed and acknowledged in the office of the register of deeds but had never been recorded, and that unless restrained from so doing, the defendant, C. E. Thompson, register of deeds of Barber county, would record the instrument and that it would constitute a cloud on plaintiff's title.

The prayer was that the instrument be declared void and held for naught.

In defendant Gilbert's answer he admitted that prior to the third day of July Williams was indebted to him in the sum of about $800; that he had been the family doctor of the Williams family for a great many years; that Williams died owning the real estate described and that plaintiff was the only heir of Williams. The answer further alleged that the charges of defendant Gilbert for services were reasonable and he had been very patient with reference to his pay. The answer further alleged that in the summer of 1934 an oil well was drilled in the neighborhood of the land of Williams; that subsequent to that time another well was drilled; that the first was just a fair oil well and the second was a failure; that on numerous occasions the plaintiff had offered to deed him royalty in settlement of his bill; that on the third day of July he told her there was a flurry on and some talk of drilling; that he believed he would take a deed to some royalty; that they talked about the quarter and section to which he would take the deed in consideration of his doctor bill of approximately $800. The answer further denied that defendant

practiced any fraud on the plaintiff or that he misrepresented any fact to the plaintiff, and denied that the royalty that he took had any such value as alleged in plaintiff's petition, and that plaintiff Griffin well knew this. The answer further alleged that the facts were there was no market value for royalty, and no proven field of oil in the neighborhood, and that he explained to plaintiff, Mrs. Williams, that he had decided to take a chance on there being oil, and that plaintiff had offered him at different times more royalty than the deed in question called for. ' The answer specifically denied that defendant practiced any fraud on plaintiff Williams, and alleged that plaintiff Williams was a woman of sound mind, and that defendant never tried to persuade her, and did not abuse the confidence she reposed in him. As to the appointment of plaintiff Griffin as administrator, the answer alleged that defendant neither denied nor affirmed that. The answer further alleged that the plaintiffs would not be entitled on the face of their petition to the relief prayed for, since they could not cancel the royalty deed as being without any consideration when plaintiffs admitted in their petition that defendant did give a valuable consideration for the conveyance. The answer further alleged that defendant Gilbert denied the allegations in the petition which charged that he told plaintiff Williams that he would talk to Griffin, but that he did talk to Griffin before he took the deed and told him he was going to take it, and what he was going to pay for it, and that plaintiff Griffin said it would be all right.

A general demurrer was filed to this answer by the plaintiffs, which was overruled.

By way of reply the plaintiffs alleged that they denied every material allegation in the answer inconsistent with plaintiff's petition.

Further replying to defendant's answer, plaintiffs denied that the estate of Williams was indebted to Gilbert in the sum of $729.50, but admit that it was indebted to Gilbert in the sum of $213 and to the hospital in the sum of $516.50. The plaintiff, Samuel Griffin, as the administrator of the estate of Williams, tendered into court the sum of $729.50.

With the issues thus made up the case was tried before the court without a jury. The court found the issues generally for the defendant and against the plaintiffs. After plaintiffs' motion for a new trial and for a judgment upon the pleadings and evidence notwithstanding the decisions of the court were denied, judgment was entered in accordance therewith.

The first point urged by the plaintiffs is that it was error on the part of the court to overrule the demurrer of plaintiffs to the defendant's answer. The basis of that argument is that since the petition alleged that the defendant stood in a confidential and fiduciary relationship to plaintiff Williams, and since there was no general denial in the answer, it was the duty of the defendant to set out in his answer the value of the mineral rights conveyed and to allege that $729.50 was a fair and reasonable consideration for this conveyance.

An examination of the answer of defendant discloses that it contained a denial that defendant practiced any fraud on plaintiff, or ever abused any confidence she reposed in him, and alleged that there was no market value for the mineral rights at that time, and that there was no proven field of oil there.

We hold that as against a demurrer this answer stated a general or specific denial of all material allegations of the petition controverted by the defendant as prescribed in G. S. 1935, 60-710, *first*.

Once this point is settled, the case becomes one where the plaintiffs say that plaintiff Williams was defrauded; the defendant denies this and the court finds that fact in favor of the defendant. As this court has said many times, where there is substantial evidence to support a finding of fact of a trial court, this court will not disturb it on appeal.

Appellant points out that plaintiff Williams alleged that defendant Gilbert talked to her about royalty, but that when the instrument was drawn up and presented to plaintiff Williams it was not a royalty conveyance but a conveyance of the oil, gas and other minerals in place. It is also pointed out that defendant Gilbert testified that he talked to plaintiff Williams about royalty and that there can be no doubt that the conveyance was for all oil, gas and other mineral rights in place. The fact further appears uncontroverted that the conveyance was prepared in the office of counsel for defendant Gilbert, although it does not appear that defendant Gilbert told the scrivener just what terms he desired in the conveyance which he asked to have prepared. An examination of the instrument disclosed that a person unfamiliar with legal terminology might be honestly mistaken as to just what the instrument did convey. We are not called upon to decide whether this evidence would have warranted a finding of fraud by the trial court had such a finding been made. Our question is, Was there substantial evidence to sustain

the court's finding of no fraud? The fact is that the trial court heard all the evidence. The court doubtless was influenced somewhat in reaching this decision by a statement signed by plaintiff Williams shortly after the filing of the petition in this case wherein she stated that she was amazed at the charges that were made against Gilbert; that she was glad to deed him some royalty to pay the indebtedness; that he did tell her the numbers of the land he would take the royalty on; that he did tell her there was a flurry and that there would probably be another well drilled; that she hoped he would make money on the royalty; that she knew exactly what she was deeding him; that any statement in the petition that reflected upon the personal integrity of Doctor Gilbert was false; that she was told it was necessary for the administrator to file some kind of a paper to keep him from being liable on his bond and nothing was told her about the fact that it was a charge like this against defendant Gilbert. The trial court may have been further influenced in the findings made by the fact that in her petition plaintiff Williams alleged that the conversation between herself and defendant was to the effect that she was to convey to him a one-fourth royalty in a quarter section, and that the instrument which she executed conveyed all the oil and gas in place, and there was no evidence at all to the effect that the talk was about a one-fourth royalty.

We are not called on to decide what would have been the result of this case had the action been one to modify the instrument executed by plaintiff Williams so that it would be a royalty conveyance rather than the conveyance of all the oil and gas in place. "This was a fact case, and the trial court's findings are conclusive here." (See *Laycock v. Study,* 141 Kan. 756, 761, 44 P. 2d 220.)

The judgment of the trial court is affirmed.